IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES L. ELLIOTT and
SONDRA K. ELLIOTT,

    Plaintiffs,

v.                                    Civil Action No. 5:14CV88
                                                (STAMP)

TRACTOR SUPPLY COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFFS' MOTION TO REMAND**

I. Background

The plaintiffs, James L. Elliott and Sondra Elliott, originally filed this action in the Circuit Court of Brooke County, West Virginia. In their complaint, the plaintiffs allege that James Elliott was injured when he used a tire inflator to inflate a 16-inch replacement tire that he had purchased from the defendant, Tractor Supply Company. Allegedly, the tire replacement exploded and caused James Elliott severe, permanent, and disabling injuries. Plaintiff Sondra Elliott asserts a claim for loss of consortium.

The defendant then removed this action to this Court based on the diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332. Further, the defendant asserts that the amount in controversy exceeds $75,000.00 exclusive of interest and costs. In support of this assertion, the defendant cites the plaintiffs' allegations of permanent injury, but states that if this Court is

inclined to disagree with the defendant's assertion, it requests that this Court permit jurisdictional discovery to confirm the amount in controversy.

The plaintiffs then filed a motion to remand this action alleging that the defendant had not established that the amount in controversy exceeds $75,000.00. The defendant filed a response in opposition arguing that: (1) based on the allegations in the complaint, the amount in controversy clearly exceeds $75,000.00; (2) the amounts awarded in similar cases confirm that the amount in controversy exceeds $75,000.00; (3) the plaintiffs have not provided any indication that the amount in controversy is less than $75,000.00; and (4) if the Court finds that the defendant has not met its burden of proof, defendant should be allowed to conduct limited discovery regarding the amount in controversy prior to remand.

The plaintiffs then filed a reply arguing again that the defendant has not established that the amount in controversy exceeds $75,000.00. The plaintiffs assert that the allegations in the complaint are not sufficient to establish the amount in controversy. Further, the plaintiffs assert that the verdicts from the cases cited by the defendant are not from jurisdictions within the United States Court of Appeals for the Fourth Circuit, and are not sufficiently alleged to be similar to the facts of this case. The plaintiffs then state that any refusal to sign a binding

stipulation that the plaintiffs will not seek to recover more than $75,000.00 is not sufficient to establish the amount in controversy. As to the defendant's argument for discovery, the plaintiffs assert that jurisdictional discovery should not be permitted in this case, as this Court has consistently refused such requests.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a).

The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id. Although courts strictly construe the statute granting removal jurisdiction, Doe v. Allied Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993), the court is not required "to leave common sense behind" when determining the amount in controversy. Mullins v. Harry's Mobile Homes, 861 F. Supp. 22, 24

(S.D. W. Va. 1994). When the amount in controversy is not apparent on the face of the plaintiff's complaint, the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record. 14C Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 at 73 (3d ed. 1998). However, the court is limited to examining only evidence that was available at the moment the petition for removal was filed. Chase v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 428 (7th Cir. 1997).

### III. Discussion

A. Amount in Controversy

As stated above, the burden of establishing the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal. Mulcahey, 29 F.3d at 151. This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount. Mullins, 861 F. Supp. at 23. In such circumstances, the court may consider the entire record before it and may conduct its

own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum. Id.

The defendant first attempts to establish that the amount in controversy is satisfied based on the plaintiffs' allegations in their complaint. The defendant asserts that the plaintiffs allege serious, permanent, and disabling injuries and also allege a claim for loss of consortium. The defendant states that based on these allegations, compensatory damages alone would undoubtedly exceed $75,000.00. As this Court has noted a number of times, however, removal cannot be based upon speculation and "bare allegation[s] that the amount in controversy exceeds $75,000." See Asbury-Casto v. Glaxosmithkline, Inc., 352 F. Supp. 2d 729, 731 (N.D. W. Va. 2005); and Haynes v. Heightland, 2006 U.S. Dist. LEXIS 19194 *3 (N.D. W. Va. 2006). With regard to claims for which the plaintiffs make no specific damages demand, a removing defendant must present actual evidence that the amount in controversy is exceeded; simple conjecture will not suffice. See Bartnikowski v. NVR, Inc., 307 F. App'x 730, 737 (4th Cir. 2009) (unpublished) (finding that amount in controversy not shown when defendant "has put forth no evidence of its own to support [the claimed amount in controversy, but] rather, has only presented a conjectural argument").

While this Court agrees that the injuries alleged are serious, any estimation of damages is only speculative at this time. Allegations of possible permanent injuries, future damages,

attorneys' fees and the like, cannot satisfy the defendant's burden of establishing that the amount in controversy has been met. As stated above, the defendant bears the burden of producing actual evidence when such claims do not make a specific damages demand. The defendant has not produced any such evidence. Therefore, this Court cannot find that the defendant has met its burden of proof as to the amount in controversy based on solely the allegations in the complaint.

The defendant next argues that the awards in other similar cases confirm that the amount in controversy exceeds $75,000.00 in this action. In support this argument, the defendant cites to a few cases from around the country, which the defendant asserts included similar injuries to the injuries at issue. Although this Court is free to use amounts awarded in similar cases, without more, the defendant's bare assertions lead to legal uncertainty. See Scaralto v. Ferrel, 826 F. Supp. 2d 960, 962 (S.D. W. Va. 2011) (stating that the court may consider "amounts awarded in similar cases" in determining the amount in controversy). Accordingly, without any further evidence that the injuries alleged the complaint amounted to damages in excess of $75,000.00, this Court cannot base a finding that the defendant has established the requisite amount in controversy by a preponderance of the evidence.

Lastly, in attempting to establish that the amount in controversy exceeds $75,000.00 exclusive of interest and costs, the

defendant argues that the plaintiffs have not provided any indication that the amount in controversy is less than $75,000.00. This argument is without merit. As stated above, it is the defendant's burden to establish that the amount in controversy exceeds $75,000.00 exclusive of interest and costs. Mullins, 861 F. Supp. at 23. The plaintiffs are not required to provide any proof that the amount in controversy is less than $75,000.00 or provide any type of stipulation stating that they are seeking less than $75,000.00 in damages. Accordingly, defendant's argument to the contrary is without merit and this Court, therefore, finds that the defendant has not met its burden of establishing the amount in controversy by a preponderance of the evidence.

B.  Jurisdictional Discovery

The defendant requests that if this Court finds that it has not met its burden of proof as to the amount in controversy, that this Court allow the defendant to conduct limited jurisdictional discovery as to such amount. The Fourth Circuit has stated that "the decision of whether or not to permit jurisdictional discovery is a matter committed to the sound discretion of the district court." Base Metal Trading, Ltd. v. OJSC Novokuznetsky Aluminum Factory, 283 F.3d 208, 216 n.3 (4th Cir. 2002) (citations omitted). This Court finds that in this instance, it is not appropriate to

7

allow such discovery.[1]  Accordingly, the defendant's request for any further discovery in this Court is denied.

IV. Conclusion

For the aforementioned reasons, the plaintiffs' motion to remand (ECF No. 9) is hereby GRANTED.  Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Brooke County, West Virginia.  It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Brooke County.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    August 21, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

[1] If the defendant uncovers evidence through the discovery process that brings to light new facts that justify removal under the amount in controversy theory, within a year of the filing of this lawsuit, the defendant may file a second notice of removal. 28 U.S.C. §§ 1446(b), 1446(c), 1447, 1447(c).